IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>    Plaintiff,<br><br>    v.<br><br>RESERVATION COUNTER, LLC,<br>    a limited liability company,<br><br>TRAVELPASS GROUP, LLC,<br>    a limited liability company, and<br><br>PARTNER FUSION, INC.,<br>    a corporation,<br><br>    Defendants. | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND JUDGMENT**<br><br>Case No. 2:17-cv-01304-RJS<br><br>Judge Robert J. Shelby |

Plaintiff Federal Trade Commission ("Commission" or "FTC") filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants have stipulated to entry of this Final Judgment and Order for Permanent Injunction ("Order") to resolve all matters in dispute in this action between them. The FTC moved for entry of this Order. That motion is GRANTED.

**THEREFORE, IT IS ORDERED** as follows**:**

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in their advertising and marketing of hotel room reservations to consumers.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**ORDER**

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

1. "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

a. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a streaming video advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

b. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

c. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

d. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

f. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

g. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

h.  When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

2.  "**Defendants**" means Reservation Counter, LLC, TravelPASS Group, LLC, and Partner Fusion, Inc., individually, collectively, or in any combination.

**I.**

**PROHIBITED MISREPRESENTATIONS:  HOTEL AFFILIATION**

IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of hotel room reservations are permanently restrained and enjoined from:

A.  Making any misrepresentation, including through the use of any name, logo, photograph, or otherwise, that consumers who book a hotel room through any website or call center owned, operated, managed, or controlled by Defendants are booking a hotel room directly through the hotel itself or an entity acting directly for the hotel, including by:

1.  Using the branded name or logo of any hotel in any search engine advertisement, actual or display URL, website, webpage, or any other form of advertising for hotel room reservations in a manner that misrepresents, expressly or by implication, that the advertisement is from or sponsored by the hotel or by an entity acting directly for the hotel; or

  2. Placing a telephone number used, managed, or controlled by Defendants in any search engine advertisement, website, webpage, or any other form of advertising, in immediate proximity to a branded hotel name, logo, address, or photograph of the hotel in a manner that misrepresents, expressly or by implication, that callers to that number will be contacting the hotel or an entity acting directly for the hotel, instead of an independent, third-party, travel agency; and

B. Making any misrepresentation, including through the use of any name, logo, photograph, or otherwise, that Defendants are, or are working directly for, an advertised hotel.

## II.

## PROHIBITED FAILURE TO DISCLOSE MATERIAL INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any hotel room reservations, are permanently restrained and enjoined from failing to disclose, clearly and conspicuously, and prior to the time any consumer is requested to provide credit card or other payment information:

A. That callers to any hotel reservation call center owned, managed, operated, or controlled by Defendants have reached an independent, third-party travel agency;

B. The total costs, fees, or applicable taxes for the hotel room reservation; and

C. When the costs, fees, or taxes will be charged to the consumer's credit card or

otherwise deducted as payment for the hotel room reservation.

## III.

## PROHIBITED MISREPRESENTATIONS: MATERIAL TERMS AND CONDITIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any travel-related good or service, are permanently restrained and enjoined from misrepresenting:

    A.    Any material aspect of the nature or central characteristics of the good or service;

    B.    Any material restriction, limitation, or condition to purchase, receive, or use the good or service, including any restriction, limitation or condition for making any changes to any travel-related reservation;

    C.    Any material aspect of the nature or terms of any refund, cancellation, or exchange of the good or service; and

    D.    Any material fact, including any endorsement or approval by, or interest in, any travel-related business.

## IV.

## CALL CENTER MONITORING

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, or promotion of hotel room reservations, shall within 60 days of service

of this Order, establish, implement, and thereafter maintain policies, practices, and procedures that are reasonably designed to ensure that sales and customer service agents at call centers used by Defendants to handle hotel room reservations and customer service issues related to those reservations do not misrepresent, directly or by implication, that callers have called an advertised or promoted hotel or that callers are booking a room reservation directly through the hotel or an entity acting directly for the hotel. Such policies, practices, and procedures shall include at a minimum and without limitation:

    A.    Requiring each call center operation to enter into a written agreement that clearly and conspicuously states the requirements of Parts I through III of this Order and the call center's obligation to comply therewith; the call center's obligation to take immediate action to correct any violation of the requirements of Parts I through III of this Order; and the disciplinary action that Defendants will take against the call center for failure to comply;

    B.    Actively and regularly monitoring each call center to ensure compliance with the policies, practices, and procedures implemented pursuant to this Part; and

    C.    Promptly taking appropriate disciplinary action upon determining that a sales or customer service agent at any call center has engaged in conduct that violates any of the requirements of Parts I through III of this Order.

## V.
## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VI.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury that: (a) identifies the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identifies all of that Defendant's businesses by all of their names,

telephone numbers, and physical, postal, email, and Internet addresses;

(c) describes the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describes in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provides a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following, reporting any change in: (a) any designated point of contact; or (b) the structure of any Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:

_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Reservation Counter, LLC.

## VII.

## RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendants, for any hotel reservation business, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. records reflecting each materially different advertisement or other marketing

material.

## VIII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of

the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX.

## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated: <u>December 26, 2017</u>     BY THE COURT:

_____
United States District Judge